# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMANDA BREY WALKER, § § Civil Action No. 4:21-cv-185 § *Plaintiff* § Judge Mazzant § v. § § PLANT PROCESS FABRICATIONS, § LLC, § § *Defendant* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss (Dkt. #3).  Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

This case concerns the alleged sexual harassment and retaliation.  Defendant Plant Process Fabrications, LLC is a fabrication company that builds gas plants in modular form to ship directly to customers.  Plaintiff Amanda Brey Walker is a former employee who worked as an engineering assistant between January 2017 and July 2020.  During the majority of her employment, an individual named "Wintters" acted as Plaintiff's supervisor.  Wintters assigned Plaintiff job tasks and conducted her annual review.  On October 9, 2019, Plaintiff reported Wintters to the company's Human Resources Department for sexual harassment.

Following the report, Plaintiff alleges she suffered retaliation from Defendant in the form of several hostile employment actions and workplace comments.  The alleged comments involve an individual named "Borg," part owner of the company.  Plaintiff alleges the retaliation included:

1. Borg telling Walker on October 16 and/or 17, 2019, while the two were in League City, Texas, "You are not getting anything out of this."

2. Borg telling Walker on October 21, 2019, while the two were at the Sulphur Springs Facility, that Walker is "not getting anything out of this."

3. Borg telling Walker on December 2, 2019 that Shelton needed to learn how to do Walker's job because, said Borg, "someday you are going to disappear into the sunset."

4. Reducing Walker's workload as evidenced by Shelton and Holliman working on the "2303 Red Rock" project in addition to Walker.

5. Walker overhearing a conversation coming out of the Foreman's Office by/among multiple foremen and managers during the week of May 17-23, 2020 about Walker getting "termed once her 300-day statute of limitations is up."

(Dkt. #1 at p. 11).

On March 7, 2021, Plaintiff filed a four-part Complaint alleging various retaliation clams against Defendant (Dkt. #1). On March 30, 2021, Defendant moved to dismiss Count One of the Complaint regarding a hostile work environment (Dkt. #3). On April 13, Plaintiff filed a response (Dkt. #6). On April 14, 2021, Plaintiff filed an amended response (Dkt. #7).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendant moves to dismiss Count One of Plaintiff's Complaint. In support of the request,

3

Defendant argues that a hostile work environment may not form the basis of a retaliation claim in the Fifth Circuit. Defendant also argues, even if Plaintiff's claim is cognizable, she did not plead sufficient facts to show the conduct was materially adverse. Plaintiff responds that her legal theory is valid and is supported by sufficient allegations in her Complaint.

**I.      Validity of Retaliatory Hostile Work Environment Claim in the Fifth Circuit**

The Court first considers whether a retaliatory hostile work environment is a valid claim. Though the Fifth Circuit has never overtly recognized this type of action, Supreme Court precedent and circuit court caselaw convince the Court that the claim is valid. In *Burlington Northern and Santa Fe Ry. Co. v. White*, the Supreme Court expressly held that retaliation claims under Title VII need not be based solely on actions that affect the terms of employment. 548 U.S. 53, 66-67 (2006) ("Interpreting the antiretaliation provision to provide broad protection from retaliation helps ensure the cooperation upon which accomplishment of the Act's primary objective depends."). In reaching this decision, the Supreme Court analogized Title VII to the National Labor Relations Act, which holds that a hostile work environment claim may be valid because the goal of the Act is to ensure that employees are "completely free from coercion against reporting." *Id.* (quoting *NLRB v. Scrivener*, 405 U.S. 117, 121-22 (1972)). In *Bryan v. Chertoff*, the Fifth Circuit acknowledged widespread support for the cause of action across the country, despite noting that it has never explicitly recognized a retaliatory hostile work environment claim. 217 Fed. App'x 289, 294 n. 3 (5th Cir. 2007). Indeed, since *Chertoff*, each of the other twelve circuits has recognized a retaliatory hostile work environment claim. *Montgomery-Smith v. George*, 810 Fed. App'x 252, 258 (5th Cir. 2020). Importantly, the Fifth Circuit has not departed from other circuits—rather, the court has never taken a position on the matter. *Id.* ("We need not decide today whether to recognize such a claim because we agree with the district court that Smith's

allegations . . . do not establish harassment severe and pervasive enough rise to the level of a hostile work environment."). Accordingly, Count One should not be dismissed on this ground.

## II. Existence of Sufficient Facts

The Court next considers whether Plaintiff's retaliation claim for a hostile work environment should be dismissed for failure to plead sufficient facts. To establish a prima facie case of retaliation, a plaintiff must show: (1) they engaged in a protected activity; (2) they experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir.2007) (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001). An employee is engaged in a protected activity under Title VII if they "opposed any practice made an unlawful employment practice" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e–3(a).

As noted above, an adverse employment action must be materially adverse. "[P]etty slights, minor annoyances, and simple lack of good manners will not" deter a reasonable employee from making a charge of discrimination. *Burlington Northern*, 548 U.S. at 68. Whether the conduct is materially adverse depends on the totality of the circumstances, including: (1) the frequency of the harassing conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or merely an offensive utterance; and (4) whether the conduct interferes with work performance. *Montgomery-Smith*, 810 Fed. App'x. at 258-59.

The Court finds that the Complaint contains sufficient allegations to satisfy each of the prima facie retaliation requirements. First, Plaintiff alleges that the retaliation began after she reported the sexual harassment by her supervisor. By reporting the sexual harassment—conduct

considered unlawful under Title VII—Plaintiff engaged in a protected activity. Second, Plaintiff states that she suffered adverse employment actions as a result of the reporting. Plaintiff alleges that Defendant made repeated threats about the merits of her claim and insinuated that her future at the company was finished. On several occasions, Defendant allegedly told Plaintiff that she is "not getting anything out of [the case]" and that "someday you are going to disappear into the sunset" (Dkt. #1 at p. 11). Defendant also apparently threatened to fire Plaintiff after the statute of limitations on her case expired, which allegedly caused Plaintiff emotional distress (Dkt. #1 at p. 11). This conduct occurred over several months, between October 2019 and May 2020. Though Defendant did not make physical threats, the hostile conduct was demeaning and often humiliating, as some instances occurred in front of Plaintiff's coworkers. The materiality requirement of a retaliation claims is meant to exclude conduct like snubbing and personality conflicts—not conduct that may dissuade an employee from seeking help in the future. *Burlington Northern*, 548 U.S. at 68. Because the alleged hostility is beyond "petty slights or minor annoyances that often take place at work," Plaintiff has sufficiently pleaded an adverse employment action for purposes of a Rule 12(b)(6) motion. *Id.* Lastly, Plaintiff alleges that Defendant's retaliatory comments were causally related to her complaints about his conduct. She supports this causal link through evidence about when the hostility began and the subject it concerned. Accordingly, Plaintiff pleaded all elements of a prima facie case for retaliation. As such, the Court concludes that Count One should not be dismissed.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #3) is **DENIED**. **SIGNED this 22nd day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE